4 F.3d 984
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Homer CHAFIN, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-1847.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 14, 1993.
Decided: August 31, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CA-88-56-3)
 William L. Redd, Huntington, West Virginia; James E. Nelson, Nelson, Hager & Pancake, Huntington, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Carol A. Casto, Assistant United States Attorney, Charleston, West Virginia; Charlotte Hardnett, Acting Chief Counsel, Lori Karimoto, Assistant Regional Counsel, Department of Health and Human Services, Philadelphia, Pennsylvania, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before HALL, PHILLIPS, and MURNAGHAN, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Homer Chafin appeals from a grant of summary judgment to the Secretary on review of his decision denying review of the decision of the Administrative Law Judge (ALJ) denying Chafin's application for social security disability benefits. See 42 U.S.C.A. Secs. 401-433 (West 1991). Because the ALJ's decision was supported by substantial evidence in the record, we affirm.
 
 
 2
 In his application for benefits, Chafin, a retired insurance agent, alleged that he has been disabled since July 1974 due to spondylolisthesis-a back condition-and Guillian-Barre syndrome. Chafin last met the earnings requirements for disability insured status on September 30, 1979. The Social Security Administration initially determined that Chafin had not demonstrated that he was disabled before the expiration of his insured status. Chafin brought a series of administrative actions, culminating in an ALJ's finding that Chafin was not disabled, and the Appeals Counsel's denial of Chafin's request for review.
 
 
 3
 Chafin then filed a complaint in the district court contesting the ALJ's decision. The magistrate judge found that while Chafin has been disabled by Guillian-Barre syndrome and polyneuropathy since 1984, the ALJ reasonably concluded that the disability associated with these conditions could not be related back to 1979. The magistrate judge noted conflicting evidence concerning Chafin's back condition, but found that substantial evidence existed to support the ALJ's decision. He recommended granting the Secretary's motion for summary judgment. After reviewing Plaintiff's objections, and conducting the required de novo review, the district court adopted the magistrate judge's findings and recommendations.
 
 
 4
 Like the district court, this Court reviews the ALJ's decision to determine whether there is substantial evidence in the record to support it. 42 U.S.C.A. Sec. 405(g). Substantial evidence is "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Yet, the ALJ's findings should not be upset if the record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.
 
 
 5
 To demonstrate entitlement to benefits, Chafin had the burden of establishing disability on or before the last date of his insured status, September 30, 1979. 42 U.S.C.A. Sec. 423(a)-(c); 20 C.F.R. Sec. 404.110 (1992). A determination of disability would require a finding of medically determinable impairments of such severity that Chafin would be unable to engage in any kind of substantial gainful activity available in the national economy to a person of his age, education and work experience. See 42 U.S.C.A. Sec. 423(d)(2)(a).
 
 
 6
 Chafin's orthopedic surgeon offered the opinion that Chafin's mild grade I spondylolisthesis did not justify a statement that he was totally disabled from other work as of 1976-77. Other medical opinions stated that there was no documentation of Guillian-Barre syndrome as of September 1979, and that Chafin should have been capable of engaging in light work. The ALJ appointed a vocational expert who testified that in view of Chafin's estimated level of disability as of September 1979, he could still perform sedentary clerical, bookkeeping and sales jobs available in the national economy. Although the record contains conflicting expert opinions, there is substantial evidence in the record that Chafin could engage in light work. See Hall v. Harris, 658 F.2d 260, 264-66 (4th Cir. 1981).
 
 
 7
 Chafin argues that the ALJ improperly disregarded relevant evidence concerning his age, the magnitude of pain he was experiencing, and evidence concerning the availability of employment. But the administrative record shows that the ALJ considered Chafin's evidence on all of these factors. In essence, Chafin disagrees with the weight assigned to evidence by the ALJ in his efforts to resolve conflicts in the evidence. It is not the proper province of the courts to second-guess the ALJ's credibility determinations. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964).
 
 
 8
 Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED